UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
FRANCESCA DE SOLA,                          :   Index No: 19-cv-8642
                                            :
                                            :
             Plaintiff,                     :   **CLASS ACTION COMPLAINT**
                                            :
       -against-                            :
                                            :
JASNE & FLORIO, LLP,                        :
                                            :
             Defendant.                     :
------------------------------------------------------------ X

Plaintiff, FRANCESCA DE SOLA (the "Plaintiff"), by and through her attorneys, Rivkin Radler LLP, as and for her Complaint against defendant, JASNE & FLORIO, LLP ("Defendant"), alleges as follows:

## INTRODUCTION

1. This is an action for damages and equitable relief pursuant to 15 U.S.C. §1692, et, seq., Fair Debt Collection Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural individual residing in New York County, New York.

3. Upon information and belief, Defendant is a law firm with its offices located at 30 Glenn Street-Suite 103, White Plains, New York 10603.

4. Defendant is a debt collector as defined in 15 U.S.C. §1692(a)(6) in that it regularly attempts to directly or indirectly collect debts owed to Canal Space 313, LLC and other landlords within the State of New York.

5.     The rents demanded by Defendant on behalf of landlords within the State of New York are "debt[s]" as defined by 15 U.S.C. §1692(a)(5), in that the obligations arise out of transactions that are primarily for personal, family and/or household purposes.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to 15 U.S.C. §1692(k) and 28 U.S.C. §§ 1331, 1332.

7.     Venue is properly placed in this District pursuant to 15 U.S.C. §1692(k)(d).

## AS AND FOR A FIRST CAUSE OF ACTION

8.     Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 7 with the same force and effect as if the same were set forth at length hereat.

9.     That a personal debt was allegedly incurred by the Plaintiff to Canal Space 313, LLC.

**A.     The Rent Demand**

10.    That on behalf of Canal Space 313, LLC, Defendant sent a 14-Day Notice to Tenant (the "Notice"), dated August 17, 2019, to Plaintiff demanding the payment of alleged past due rent. Annexed hereto as **Exhibit "A"**, and incorporated herein by reference, is a copy of the aforementioned demand.

11.    The Notice was signed by Hugh G. Jasne, Esq. on behalf of the Defendant.

12.    The Notice was received by Plaintiff.

13.    The Notice demanded the payment of $7,100.00 which was allegedly past due and owing to Canal Space 313, LLC.

14.    The Notice threatens: "You are required to pay said rent on or before the expiration of 14 days from the day of the Service of this Notice (on or before September 2, 2019), or surrender

up the possession of said Premises to the Landlord, in default of which the Landlord will commence summary proceedings under the Statute to recover possession thereof."

15. The Defendant violated 15 U.S.C. §1692(g) by failing to adequately advise the Plaintiff of her rights, because the thirty (30) day validation notice required by 15 U.S.C. §1692(g) was not placed anywhere in the demand for payment of the alleged debt.

16. The language in the Notice violates 15 U.S.C. §1692(g) because it contradicts the requirement that the Plaintiff be advised of and be given a thirty (30) day period in which to dispute the bill.

17. Upon information and belief, the Defendant sent, or caused to be sent, several additional copies of the Notice by regular mail and certified mail to the Plaintiff.

18. Upon information and belief, the Notice was approved, sent and/or authorized by Defendant.

19. Upon information and belief, the Notice was the initial communication from Defendant to Plaintiff.

20. The aforementioned Notice failed to disclose clearly that Defendant was attempting to collect a debt, and that any information obtained would be used for that purpose, as required by 15 U.S.C. §1692(e)(11).

21. Upon information and belief, the Notice contained threats to take actions that could not legally be taken, or that were not intended to be taken, in violation of 15 U.S.C. §1692(e)(5).

**B.** **The Non-Payment Proceeding**

22. On or about September 3, 2019, Defendant, on behalf of Canal Space 313, LLC, filed a non-payment proceeding against Plaintiff in New York County Housing Court captioned

Canal Space 313, LLC v. Francesca De Sola and Susana De Sola, Index Number 67129/2019 (the "Non-Payment Proceeding").

23. It was alleged in both the Notice of Petition and Petition in the Non-Payment Proceeding that Plaintiff was indebted to Defendant in the amount of $7,100.00 for rent through August 31, 2019.

24. The Notice of Petition filed in the Non-Payment Proceeding was signed by Jasne as partner of the Defendant law firm.

25. The Notice of Petition and Petition were personally served upon Plaintiff.

26. The Defendant violated 15 U.S.C. §1692(g) by failing to adequately advise the Plaintiff of her rights, because the thirty (30) day validation notice required by 15 U.S.C. §1692(g) was not placed anywhere in the Notice of Petition or Petition, nor did any such statement accompany the service of such documents.

27. The language in the Notice of Petition and Petition violates 15 U.S.C. §1692(g) because it contradicts the requirement that the Plaintiff be advised of and be given a thirty (30) day period in which to dispute the bill.

28. Upon information and belief, the Defendant caused the Notice of Petition and Petition to be personally served upon Plaintiff.

29. Upon information and belief, the Defendant served, or caused to be served, several additional copies of the Notice of Petition and Petition by regular mail and certified mail to the Plaintiff.

30. Upon information and belief, the Notice of Petition and Petition was approved, sent and/or authorized by Defendant.

31. Upon information and belief, in the event that the Notice is deemed not to have been the initial communication from Defendant to Plaintiff, the Notice of Petition and Petition is the initial communication from Defendant to Plaintiff.

32. The aforementioned Notice of Petition and Petition failed to disclose clearly that Defendant was attempting to collect a debt, and that any information obtained would be used for that purpose, as required by 15 U.S.C. §1692(e)(11).

33. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at the time of trial.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

34. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 through 33 with the same force and effect as if the same were set forth at length hereat.

35. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

36. The class consists of: (a) natural persons in the State of New York (b) who were sent a notice in the form represented by Exhibit "A" and/or a Notice of Petition and Petition in a non-payment summary proceeding (c) in order to collect an alleged debt (d) which notice or notice of petition and petition was sent on or after a date one year prior to the filing of this action, up through and including twenty-one days after the filing of this action.

37. The Second Circuit has determined that numerosity may be presumed with as few as 40 potential class members.

38. Upon information and belief, based upon the Defendant's website wherein it touts itself as "a leader in the field of debt collection and judgment enforcement", the class exceeds 40,

and is so numerous that joined of all members is impracticable. In addition, the names and addresses of the class members can be ascertained from the records of the Defendant or its agents.

39. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained a competent law firm with many litigation attorneys who intend to prosecute this action vigorously.

40. Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff and all the Class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to Defendant. It is believed that communications similar, if not identical, to the Notice and/or the Notice of Petition and Petition received by the Plaintiff have also been received by all Class members. Plaintiff does not have interests antagonistic to, or in conflict with, the Class.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Plaintiff know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

42. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) Whether the notices and/or notices of petition and petition violate the FDCPA;

    (b) Whether Defendant acted willfully, knowingly, or persistently in communicating its demands for the payment of rent to tenants within the State of New York; and

      (c) The extent of injuries sustained by members of the Class and the appropriate measure of damages.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Francesca De Sola, on her own behalf and on behalf of the Class, prays for judgment as follows:

(a)  Declaring this action to be a Plaintiff Class Action properly maintained pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) Awarding Plaintiff and other members of the Class the maximum amount of statutory damages against Defendant, Jasne & Florio, LLP, pursuant to 15 U.S.C. §1692(k);

(c) Awarding Plaintiff actual damages in an amount to be determined at the time of trial, together with interest thereon;

(d) Awarding Plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountant's fees and expert's fees and other costs and disbursements, as mandated by 15 U.S.C. §1692(k); and

(e) Awarding Plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

Dated: New York, New York
September 16, 2019

                                    **RIVKIN RADLER LLP**
                                    Attorneys for Plaintiff

By:       /s/ Erez Glambosky
            Erez Glambosky, Esq. (EG5309)
            477 Madison Avenue, 20th Floor
            New York, New York 10022
            (212) 455-9555

4565576 v1